IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GREGORY STEVE PETER, as Personal Representative of the Estate of Wayne Michael Peters and G.P., a minor child, by and through his guardian ad litem, SILVI PETERS,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO: 3:16-cv-00025-CMC<br><br>Opinion and Order<br>Granting Judgment on the Pleadings |

Through this action, Plaintiffs seek a declaratory judgment that they are eligible for benefits under the underinsured motorist ("UIM") provisions of a commercial automobile insurance policy issued to Peter Peter LLC d/b/a/ Peter and Peter ("Peter Peter LLC") by Defendant Allstate Insurance Company ("Allstate") for claims arising from a December 27, 2014 accident ("Accident"). Plaintiffs are Gregory Steve Peter ("Gregory Peter"), as personal representative of the estate of Wayne Michael Peters ("Wayne Peters"), and G.P., a minor child, by and through his guardian ad litem, SILVI PETERS, (collectively "Plaintiffs").[1]

The matter is before the court on Allstate's Motion for Judgment on the Pleadings. ECF No. 20. Allstate argues that Wayne Peters and G.P. are not eligible for UIM benefits under the policy because (1) they are not named insureds and cannot be "family members" of a named

---

[1] Although related, Gregory Peter and Wayne Peters spell their last names differently.

insured because business entities do not have family members, and (2) no insured vehicle was involved in the Accident. For reasons set forth below, the court grants Allstate's motion.

## STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is assessed under the same standards as a Rule 12(b)(6) motion. S*ee Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain the plaintiffs cannot prove any set of facts in support of their claims that entitles them to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiffs, it "need not accept the legal conclusions [the plaintiffs would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiffs are not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, 521 F.3d at 302).

## COMPLAINT

The Complaint alleges Allstate issued commercial automobile insurance policy number 648573106 ("Policy") to Peter Peter LLC and named On-Time Services, Inc., ("On-Time, Inc.")

as an additional insured. Complaint ¶ 6. The Policy provided $300,000 in UIM coverage through a UIM endorsement ("UIM Endorsement"). *Id.* ¶ 7. It also listed a 2004 Ford E450 truck as a covered vehicle. *Id.*. This truck was kept, parked and used at 2004 Holland Street in West Columbia, South Carolina. *Id*.

The Policy was in effect on December 27, 2014, on which date Wayne Peters was struck by a vehicle while crossing a street in West Columbia, South Carolina. *Id.* ¶¶ 6, 8 (noting Plaintiffs were pedestrians at the time of the accident). Wayne Peters later died as a result of those injuries. *Id.* ¶ 8. Plaintiff G.P. was present and witnessed the accident. *Id.*

At the time of the accident, Wayne Peters and G.P. lived in the home of their relative Gregory Peter at 2004 Holland Street. *Id.* ¶ 10. Wayne Peters also assisted Gregory Peter in running the day-to-day business of "Gregory's various business concerns" including Peter Peter LLC and On-Time, Inc. and was an employee of one or both businesses. *Id.* ¶ 11. Wayne Peters and his son, G.P., used the insured 2004 Ford E450 truck from time to time, though there is no allegation this vehicle was involved in the Accident.[2]

The driver allegedly responsible for the Accident was an underinsured motorist. Complaint ¶ 9. After partially resolving their claims against this driver (for payment to the extent of his insurance coverage in exchange for a covenant not to execute), Plaintiffs filed a claim for UIM coverage with Allstate. *Id.* ¶¶ 9, 21. Allstate denied the claim. *Id.* at 21.

---

[2] That Wayne Peters and G.P. used this vehicle on occasion prior to the date of the accident is an inference that may be suggested by rather than a direct allegation of the Complaint. *See id.* ¶¶ 7, 10, 15. Plaintiffs do, however, claim such use in their response to Allstate's motion. *See* ECF No. 25 at 9. Giving Plaintiffs the benefit of the doubt, the court assumes for purposes of this order that the Complaint raises an inference of prior use. *See id.* at 9 n.5 (suggesting Plaintiffs may "request leave to amend the complaint to allege additional facts[,]" though they have not yet done so).

Plaintiffs assert a single cause of action for declaratory relief. Specifically, they seek a declaratory judgment that Wayne Peters and G.P. were insureds under the Policy at the time of the Accident based on their status as "resident relatives." *Id.* ¶ 18. Plaintiffs rely on South Carolina's statutory definition of insured, rather than the policy definition, in support of this claim. *Id.* ¶¶ 18, 19.

## DISCUSSION

It is clear from the Complaint and attached Policy that Wayne Peters and G.P. were not named insureds. Plaintiffs' right to coverage must, therefore, derive either from a provision of the Policy or a statutory mandate that extends coverage to Plaintiffs as other insureds. Plaintiffs do not allege or argue that they are entitled to coverage under the Policy's definition of insureds or based on any other Policy language.[3] They, instead, argue, in effect, that the Policy must be reformed to provide coverage because the Policy's definition of insured conflicts with South

---

[3] The Complaint acknowledges the Policy's definition of "insureds," as found in the UIM Endorsement, differs depending on whether the named insured is an individual or business entity such as a corporation or limited liability company ("LLC"). Complaint ¶ 15. As Plaintiffs concede, the Policy's UIM Endorsement defines "insureds" to include "family members" *if the named insured is an individual*. UIM Endorsement § B.1.; *see also id.* § F.1. (defining "family members" as "a person related to an Individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.") If the named insured is an LLC, corporation, or other form of organization, the UIM Endorsement defines "insured" to include persons either occupying a covered vehicle or entitled to damages because of injury to another insured and makes no reference to resident relatives. *Id.* § B.2. Given these definitions and the facts alleged, any argument for coverage based on the policy definitions would fail. *See Tobin v. Beneficial Standard Life Ins. Co.*, 675 F.2d 606, 607 (4th Cir. 1982) (holding that, in the absence of ambiguity, an insurance "policy is to be interpreted according to the plain and ordinary meaning of the words by which the parties chose to contract."); *Cook v. State Farm Auto. Ins. Co.*, 656 S.E.2d 784, 786-787 (S.C. Ct. App. 2008) (stating that, while ambiguities are construed in favor of coverage, "[c]ourts should not . . . torture the meaning of policy language in order to extend or defeat coverage that was never intended by the parties." (internal marks omitted)).

4

Carolina law.  *See* ECF No. 25 at 5-7 (relying on statutory provisions and case law in arguing Policy may not limit coverage below what is required by statute); *id.* at 7 (citing *Nationwide Mut. Ins. Co. v. Rhoden*, 728 S.E.2d 477 (S.C. 2012) for proposition South Carolina public policy precludes insurers from limiting portability of UIM coverage).

## I.     Resident Relative Status

Allstate argues that Wayne Peters and G.P. cannot qualify as insureds based on their claimed status as "resident relatives" because the named insureds, Peter Peter LLC and On-Time, Inc., are business entities incapable of having "relatives."  ECF No. 20-2 at 5-6.  In support of this argument, Allstate relies on *Concrete Servs., Inc. v. U.S. Fid. & Guar. Co.*, 498 S.E.2d 865 (S.C. 1998), which adopted the majority rule that "a corporation insured by a business automobile insurance policy cannot have a 'family' as that term is used in the definition of 'insured.'" *Concrete Servs.*, 498 S.E.2d at 866-67 ("We agree with the majority view that a corporation, as such, cannot have a spouse or family members.").  The court also held the policy's definition of "insured" was unambiguous in extending coverage of "family members" only to family members of individual, not corporate, insureds.  *Id.* (noting "the policy in question defines 'insured' as 'You,' and '*If you are an individual, any "family member.*'  This language clearly demonstrates that it applies to family members only of individuals and not to corporations such that there is no ambiguity." (emphasis added)).  Based on adoption of the majority rule and the policy language, the court held the spouse of the owner of the named insured, a corporation, was not a Class I

5

insured. *Id.* (further holding that, because she was not a Class I insured, spouse of owner could not stack coverage).[4]

Allstate also relies on *Jensen v. Selective Ins. Co. of the Southeast*, 2013 WL 3148341, 4:12-cv-02133-RBH (D.S.C. 2013), which held the owner of a named insured entity could not meet the policy *or statutory* definitions of insured based on her status as resident spouse, relative, or family member because the named insured was an LLC (which could not have a spouse or family members). *Id.* slip op. at 2, 3 (relying, in part, on *Concrete Servs.*). This determination resulted in denial of UIM coverage because the accident at issue did not involve an insured vehicle. *Id*. (finding policy unambiguous because entity was the only named insured and the policy defined insureds to include family members only when the named insured was an individual).[5]

In response, Plaintiffs concede "the general proposition that corporations and LLCs cannot have family members or spouses for purposes of insurance coverage." ECF No. 25 at 7.[6] They, nonetheless, argue they are covered based on the *statutory* definition of insureds found in S.C.

---

[4] Because the accident occurred while the owner's spouse was using an insured vehicle, it was undisputed that she was a Class II insured. In their response to Allstate's motion, Plaintiffs concede they are not Class I insureds. ECF No. 25 at 2 (further conceding that, because they are not Class I insureds, they may not stack coverage). Plaintiffs, nonetheless, argue they are Class II insureds despite conceding they were not using an insured vehicle at the time of the accident.

[5] The definition of insured in the UIM Endorsement at issue in this litigation is essentially the same as, if not identical to, the definition at issue in *Jensen*. *Compare Jensen*, Slip Op. at *1 (quoting definition) *with* Policy, UIM Endorsement ¶ B.

[6] By conceding this point, Plaintiffs abandon the only theory predicted by the Complaint. *See* Complaint ¶¶ 10, 11, 18-20 (relying on claimed status as "resident relatives" and related statutory provisions in arguing entitlement to coverage). The court, nonetheless, considers the alternative theories suggested by Plaintiffs' response in determining whether the claims might be saved through amendment of the Complaint.

Code § 38-77-30(7).  *Id.* at 7, 8; *see also id.* at 9 (arguing Policy cannot contravene statutory mandates).

As Plaintiffs note, Section 38-77-30(7) defines insureds to include "the named insured, and while resident of the same household, the spouse of any named insured and relatives of either, while in the motor vehicle or otherwise, and any person who uses with the consent, express or implied, of the named insured the motor vehicle to which the policy applies and a guest in the motor vehicle to which the policy applies[.]" *Id.* at 7, 8 (quoting statute).  Recognizing that *Jensen* rejected reliance on Section 38-77-30(7) under similar circumstances, Plaintiffs argue *Jensen* "is not binding precedent on this Court . . . and did not address the issues presented herein."  As to the latter point, Plaintiffs attempt to distinguish *Jensen* because the plaintiff there "was the actual owner of the company (not a non-owner, resident relative or user by consent." *Id.* at 8.  Plaintiffs appear to rely, in particular, on Wayne Peters and G.P.'s occasional pre-Accident use of the insured 2004 Ford E450 truck.  *Id.* at 9; *see also id.* at 8 (arguing they might be entitled to recover under S.C. Code § 38-77-160, because the truck they sometimes used was "any one of the vehicles . . . with the underinsured coverage.").

If the differing circumstances noted by Plaintiffs are distinctions at all, they are distinctions that make no difference to the outcome.  In all material respects, Plaintiffs' arguments for coverage under Section 38-77-30(7) are the same as those rejected in *Jensen*, which opinion this court finds persuasive and consistent with the rationale in *Concrete Servs*.

Further, as Allstate argues on reply, Plaintiffs' argument for coverage based on their occasional use of an insured vehicle is foreclosed by *Hite v. Hartford Acc. and Indem. Co.*, 344 S.E.2d 173 (S.C. Ct. App. 1986).  *Hite* distinguished between Class I insureds, which includes named insureds and relatives while resident in the same household, and Class II insureds, which

7

includes persons occupying or using the insured vehicle with the consent of the named insured. *Id.* at 175. Relying on statutory language, *Hite* explained that Class I insureds are covered "while in a motor vehicle or otherwise." *Id.* In contrast, Class II insureds are covered only "while using, or a guest in, the motor vehicle to which the policy applies[.]" *Id.* Because of this distinction, a Class II insured must show a causal link between use of the vehicle and the injury to invoke coverage. *Id.* (addressing comparable statutory provisions relating to uninsured motorist coverage); *see also Wausau Underwriters Ins. Co. v. Howser*, 422 S.E.2d 106, 109 (S.C. 1992) (quoting *Hite* for proposition "if [an] injury is directly caused by some independent act or intervening cause wholly disassociated from, independent of, and remote from use of the automobile, the injury is not the result of the 'use' of the vehicle.").

As noted in Section II below, Plaintiffs concede there is no connection between use of an insured vehicle and the Accident. This leaves only their occasional prior use of an insured vehicle as a possible basis for coverage and that argument is foreclosed by *Hite*.

Plaintiffs' argument based on "portability" of UIM coverage is a variation on the same argument. It fails for much the same reason because portability applies only to Class I insureds and Plaintiffs concede they are not within this class. *See generally Nationwide Mut. Ins. Co. v. Rhoden*, 728 S.E.2d 477 (S.C. 2012) (addressing claim of Class I insureds in holding insurance policy could not limit portability of UIM coverage where public policy required such coverage be personal and portable).[7]

---

[7] For reasons explained in *Hite*, the relevant public policy applies to Class I, not Class II, insureds.

8

**II.     Occupier of Vehicle**

Allstate argues and Plaintiffs concede that the accident did not occur when Plaintiffs were occupying or using an insured vehicle.  ECF No. 25 at 7.  Any claim of coverage based on use of an insured vehicle is foreclosd by this concession.

**III.    Request for Certification**

Plaintiffs ask this court, in the alternative to outright denial of Allstate's motion, to certify the underlying issues to the South Carolina Supreme Court.  The court declines this request as it finds existing authority adequate to resolve the motion.

## CONCLUSION

For reasons set forth above, Allstate is entitled to judgment on the pleadings that Plaintiffs are neither Class I nor Class II insureds under the UIM provisions of the Policy for claims arising from the Accident.  Allstate's motion is, therefore, granted and the Clerk of Court is directed to enter judgment that the Policy issued by Allstate to Peter Peter LLC (Policy No. 648573196) does not obligate Allstate to provide UIM benefits to Plaintiffs as a result of the Accident.

IT IS SO ORDERED.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 11, 2016